*Attorney Grievance Commission of Maryland v. Richard Louis Sloane*, AG No. 37, September Term, 2021. Opinion by Hotten, J.

**ATTORNEY DISCIPLINE — SANCTION — INDEFINITE SUSPENSION —** The Supreme Court of Maryland indefinitely suspended Respondent, Richard Louis Sloane, from the practice of law in Maryland with the right to apply for reinstatement after six months. The Court held that Respondent violated Maryland Attorneys' Rules of Professional Conduct 19-303.1 (Meritorious Claims and Contentions); 19-303.2 (Expediting Litigation); 19-303.3(a)(1) (Candor Toward the Tribunal); 19-303.4(c) and (d) (Fairness to the Opposing Party and Attorney); 19-304.4(a) (Respect for Rights of Third Persons); and 19-308.4(a), (c), and (d) (Misconduct). These violations stemmed from Respondent's conduct in a domestic matter involving divorce and custody. In that case, Respondent obstructed two depositions, filed frivolous objections to standard discovery requests, and misled both the circuit court and opposing counsel throughout the pendency of the litigation. During hearings, Respondent misrepresented the case's history to the circuit court. Respondent did not exhibit remorse or accept responsibility for his conduct, despite several orders directing his client to pay attorney's fees in the aggregate amount of $20,350. Thus, Respondent's conduct warranted indefinite suspension with the right to apply for reinstatement after six months.

IN THE SUPREME COURT

OF MARYLAND*

AG No. 37

September Term, 2021

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

RICHARD LOUIS SLOANE

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

Opinion by Hotten, J.
Fader, C.J., Booth and Gould, JJ., concur and
dissent.

Filed: March 2, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

* During the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

On November 1, 2021, the Attorney Grievance Commission of Maryland, through Bar Counsel ("Petitioner"), filed a Petition for Disciplinary or Remedial Action against Richard Louis Sloane ("Respondent") with this Court under Md. Rule 19-721(a)(1).[1] On November 2, 2021, we designated the Honorable Bibi M. Berry ("hearing judge") of the Circuit Court for Montgomery County to conduct a hearing and issue findings of fact and conclusions of law. The hearing judge held an evidentiary hearing on May 23 and 24, 2022. In an opinion dated August 5, 2022, the hearing judge found, by clear and convincing evidence, that Respondent violated the following Maryland Attorneys' Rules of Professional Conduct ("MARPC"): 19-303.1 (Meritorious Claims and Contentions); 19-303.2 (Expediting Litigation); 19-303.3(a)(1) (Candor Toward the Tribunal); 19-303.4(c) and (d) (Fairness to the Opposing Party and Attorney); 19-304.4(a) (Respect for Rights of Third Persons); and 19-308.4(a), (c), and (d) (Misconduct). We concur and indefinitely suspend Respondent from the practice of law in Maryland with the right to apply for reinstatement after six months.

I.      **Findings of Fact**

We summarize the hearing judge's factual findings, which were established by clear and convincing evidence. Respondent was admitted to the Maryland Bar on December 17, 2003. At all relevant times, Respondent maintained an office for the practice of law in

---

[1] Md. Rule 19-721(a)(1) provides: "Upon approval or direction of the Commission, Bar Counsel, on behalf of the Commission, shall file a Petition for Disciplinary or Remedial Action in the [Supreme Court]."

Montgomery County, Maryland. His practice focused on employment law, family law, civil litigation, and mediation.

## A. Background

On January 11, 2018, Sarah Deneroff, through Mandy Miliman, Esq., filed a Complaint for Absolute Divorce in the Circuit Court for Montgomery County against Daniel Kolat, in which she sought custody of their two minor children, child support, alimony, and division of marital property.[2] On February 9, 2018, Ms. Miliman requested discovery from Mr. Kolat. On March 1, 2018, Respondent entered his appearance on behalf of Mr. Kolat and filed an answer to the complaint. At Respondent's request, Ms. Miliman agreed to extend the deadline to respond to discovery to April 25, 2018. However, Respondent failed to timely provide responses to the outstanding discovery, allowing the deadline to pass. As a result of the discovery violation, on April 26, 2018, Ms. Miliman cancelled the mediation scheduled for May 16, 2018 and, instead, noted Mr. Kolat's deposition for that day. On April 30, 2018, Ms. Miliman wrote to Respondent, stating that if she did not receive Mr. Kolat's completed discovery responses by the end of the week, she would "be forced to file a motion with the court."

On May 8, 2018, Respondent and Ms. Miliman attended a scheduling hearing. After the hearing, the circuit court issued a Scheduling Order, setting discovery deadlines of July 31, 2018 for custody and child support matters, and March 8, 2019 for remaining issues. The Scheduling Order set a *pendente lite* hearing on child support and access for August

---

[2] *Deneroff v. Kolat*, Case No. 150496FL.

2

10, 2018, as well as a merits hearing on January 8 and 9, 2019. The same day as the scheduling hearing, Ms. Miliman served Respondent with a Motion to Compel and Request for Attorneys' Fees and filed a copy with the circuit court.

Shortly before May 16, 2018, Ms. Miliman cancelled Mr. Kolat's deposition, requesting that it be rescheduled because she still had not received discovery responses and her grandmother had recently passed away. In his response to Ms. Miliman, Respondent expressed his condolences and then stated, "[i]t's a shame – worse, in fact – that your insatiable greed continues to waste resources that could benefit our clients' children." Mr. Kolat's deposition was ultimately rescheduled for July 10, 2018.

On June 6, 2018, the circuit court granted Ms. Miliman's Motion to Compel and ordered Respondent to satisfy outstanding discovery responses within ten days. The circuit court reserved ruling on Ms. Miliman's request for attorney's fees. On June 15, 2018, Respondent emailed Ms. Miliman his discovery responses, to which Ms. Miliman spent "hours sorting, indexing, and labeling" because they were disorganized, missing documents, contained duplicates, and lacked labels or categorizations as required under Md. Rule 2-422(d).[3] Additionally, Respondent objected to nineteen interrogatories, including standard form interrogatories and slight variations thereof, as "overly broad and unduly burdensome[]" even when they were "straightforward" and sought "simple and

---

[3] Maryland Rule 2-422(d)(1)(B) requires a party to produce discovery materials "in the form in which it is ordinarily maintained or in a form that is reasonably usable."

3

relevant information."[4]  Respondent also asserted a "physician/patient" privilege, which does not exist under Maryland law.

On June 18, 2018, Respondent emailed Ms. Miliman the Defendant's First Set of Interrogatories.  On June 22, 2018, Respondent emailed Ms. Miliman the Defendant's First Set of Document Requests and also requested dates in July for Ms. Deneroff's deposition.  Ms. Miliman advised that she was not available in July, but provided several dates in August on which she was available.  Respondent did not reply or note Ms. Deneroff's deposition.  On June 28, 2018, Ms. Miliman filed a Motion for Sanctions, Request for Attorney's Fees, and Request for a Hearing based on Mr. Kolat's deficient discovery responses.

On July 10, 2018, Ms. Miliman took Mr. Kolat's deposition.  During the deposition, Respondent provided Ms. Miliman with a copy of Mr. Kolat's prior discovery responses, which had not been supplemented, claiming that the "alleged error ha[d] been cured."  Respondent requested that Ms. Miliman withdraw her pending motion, asserting that it was moot.  Ms. Miliman disagreed.  Respondent "engaged in obstructionist behavior by making baseless objections [and] speaking objections, [as well as] answering for Mr. Kolat[.]"[5]

---

[4] Respondent frivolously objected to interrogatories regarding employment; bank account information; assets and liabilities; treatment for health conditions; expenses; and parental attributes and weaknesses.

[5] Black's Law Dictionary defines "speaking objection" as "[a]n objection that contains more information (*often in the form of argument*) than needed by the judge to sustain or overrule it."  *Objection*, *Black's Law Dictionary* (11th ed. 2019) (emphasis added); *see* Md. Disc. Guideline 9(d) ("Objections in the presence of the witness which are used to suggest an answer to the witness are presumptively improper.").

4

Respondent also "encouraged Mr. Kolat's refusal to respond to Ms. Miliman's reasonable inquiries[.]" As a result, Ms. Miliman ended the deposition after an hour.

Thereafter, Respondent emailed Ms. Miliman on July 12, 2018, requesting dates for Ms. Deneroff's deposition and discovery responses. In her reply, Ms. Miliman advised that she was unwilling to schedule Ms. Deneroff's deposition until she took Mr. Kolat's deposition again and the court ruled on her Motion for Sanctions. Ms. Miliman further stated that Respondent's discovery requests were not properly served, but she would provide an update regarding discovery within the next week. On July 18, 2018, Ms. Miliman filed a Motion to Compel Discovery, based on Respondent's and Mr. Kolat's obstructive behavior during the deposition.

On July 31, 2018, Respondent emailed Ms. Miliman a Notice of Oral Deposition and Deposition Duces Tecum to depose Ms. Deneroff on August 29, 2018 and also sent seventy-five document requests regarding custody-related matters, despite discovery on those matters being closed. The following day, Ms. Miliman reiterated that she would not attend the deposition, pending a ruling on her motion by the circuit court. Then, on August 3, 2018, Ms. Miliman filed a Motion to Strike Notice of Deposition, Motion for Protective Order, Motion to Quash Subpoena, and Request for Attorney's Fees, requesting that Mr. Kolat's deposition be scheduled before Ms. Deneroff's deposition.

On August 8, 2018, Ms. Miliman served Ms. Deneroff's Answers to Interrogatories. On August 9, 2018, she provided a link to Ms. Deneroff's document production. That same day, Respondent filed a Motion to Compel Discovery, Motion for Sanctions, Request for Attorney's Fees, and Oppositions to Ms. Deneroff's pending motions. In his motions,

Respondent claimed that Ms. Miliman refused "to respond timely and fully" to his discovery requests, and that she was unwilling to attend Ms. Deneroff's deposition. Pursuant to Md. Rule 2-431,[6] Respondent certified that his good-faith efforts to resolve the discovery dispute occurred on "July 10, July 12, July 23, August 1, and August 3, 2018." On September 6, 2018, Respondent filed a "Renewed and Amended" motion that parroted his August 9, 2018 Motion to Compel. Ms. Miliman filed her opposition on September 13, 2018, including a request for attorney's fees.

On September 21, 2018, the Honorable Cynthia Callahan held a hearing on Ms. Miliman's pending discovery motions. Respondent deflected blame to Ms. Miliman, arguing that the "hearing boils down to [] the pot calling the kettle black." Judge Callahan described Respondent's conduct during the deposition as "a complete and total disregard of what the laws say and what the rules say and what the rules governing behavior of lawyers say." Judge Callahan described Respondent's objections to discovery as "not legitimate." During the hearing, the parties rescheduled the depositions of Mr. Kolat and Ms. Deneroff for October 4, 2018 and October 9, 2018, and Judge Callahan "ordered that the depositions take place at the courthouse in case court intervention was required." Judge Callahan further ordered Mr. Kolat to reproduce all discovery by October 1, 2018 and pay $5,000 in attorney's fees to Ms. Miliman. Judge Callahan noted that she could "use [Md.

---

[6] Under Md. Rule 2-431, a court may decline to consider a discovery dispute, "unless the attorney seeking action by the court has filed a certificate describing the good faith attempts to" resolve the dispute with opposing counsel and "certifying that they are unable to reach agreement on the disputed issues. The certificate shall include the date, time, and circumstances of each discussion or attempted discussion."

Rule] 1-341 as the basis of" her ruling,[7] but, in exercising her discretion, she opted to use Md. Rule 2-433(d)[8] instead.

On September 30, 2018, Respondent provided some of the outstanding discovery materials, which contained similar frivolous objections and assertions as his June 15, 2018 production. As a result, Ms. Miliman filed her Second Motion for Sanctions and Request for Attorney's Fees on October 4, 2018. That same day, Ms. Miliman took Mr. Kolat's deposition at the circuit court. The second deposition proceeded the same way as the first with Respondent making speaking objections[9] and instructing Mr. Kolat not to answer questions about his own bank statements. As a result, Ms. Miliman contacted Judge Callahan, who explained the distinction between discovery and trial objections to Respondent. Undeterred, Respondent made approximately 277 objections during Mr. Kolat's second deposition, many of which lacked a "discernible basis."

On November 9, 2018, Judge Callahan held a hearing on the outstanding motions. Anne Laynor, Esq., appeared on Ms. Miliman's behalf during the hearing because Ms. Miliman was on maternity leave. Respondent sought Ms. Deneroff's certified driving record and diary, but Judge Callahan denied his request. Judge Callahan did not view the

---

[7] Under Md. Rule 1-341(a), the circuit court may order a party who "maintain[s] . . . any proceeding [] in bad faith or without substantial justification" to pay the adverse party's costs and expenses, including attorney's fees.

[8] Md. Rule 2-433(d) authorizes a court, after granting a discovery motion, to order a party, their attorney, or both to pay the moving party's reasonable costs and expenses.

[9] The hearing judge listed the following examples: assumes facts not in evidence, mischaracterizes testimony, and document speaks for itself.

driving record as relevant and noted that an *in camera* review would be "the only practical way" to produce the diary *if* it was relevant. Judge Callahan denied Respondent's August 9, 2018 motion as moot and granted his September 6, 2018 motion in part, ordering that the parties exchange additional financial documents and copies of their social media posts. Judge Callahan reserved ruling on attorney's fees and ordered that the parties provide "an accounting of amounts and source of funds for fees and other costs through November 30, 2018[.]"

On November 15, 2018, Ms. Laynor emailed documents to Respondent pursuant to Judge Callahan's order, and, upon Respondent's request, supplemented them on November 26, 2018. On November 30, 2018, Ms. Laynor filed a Supplemental Memorandum in support of her October 4, 2018 motion, which included an itemization of attorney's fees. That same day, Respondent filed an Amended Affidavit of Fees and Costs, but his accounting did not indicate the source of funds. He filed the accounting on December 31, 2018.

On December 27, 2018, Respondent filed a Motion to Continue, seeking to postpone the custody merits hearing scheduled for January 8 and 9, 2019. On December 28, 2018, Respondent emailed Ms. Miliman and Ms. Laynor inquiring about their availability for a continuance hearing. Both Ms. Laynor and Ms. Miliman emailed Respondent to clarify whether the circuit court asked for their availability. Respondent answered: "Yes." On December 31, 2018, Ms. Miliman contacted chambers to provide her availability for the alleged continuance hearing, but was advised that the court had made no such request. Respondent emailed Ms. Miliman stating that "[she] misunderstood[,]" and that "[he] never

8

was guaranteed a hearing." Ms. Miliman opposed the continuance, and the court denied Respondent's motion. Following the custody merits hearing, the circuit court awarded sole legal custody to Ms. Deneroff and shared physical custody to both parties.

On January 25, 2019, the Honorable John M. Maloney conducted a hearing to address Ms. Miliman's outstanding requests for interim fees and sanctions. That morning, Respondent filed: (1) a Renewed Motion to Compel Discovery, Motion for Sanctions, Request for Attorney's Fees, and Request for a Hearing; (2) an opposition to Ms. Deneroff's motion for sanctions; and (3) an Emergency Motion to Consolidate Motions for Attorney's Fees. In the renewed motion, Respondent asserted that he made "at least" five good-faith attempts to resolve the discovery disputes. Respondent also argued that Judge Callahan "concluded that [Ms. Deneroff's] motions were a colossal waste of time [] and . . . ordered that [Ms. Deneroff] make herself available to be deposed." Respondent claimed that Ms. Deneroff had failed to produce her certified driving record or diary. According to Respondent, Judge Callahan "opined that [Ms. Deneroff's] diary should be subject to an *in camera* inspection[.]" Respondent also indicated that he had "renew[ed] [his] request for this *in camera* inspection[,]" despite never previously filing such a request. Lastly, Respondent erroneously stated that Maryland law recognizes a physician-patient privilege.

Respondent requested that Judge Maloney consider his renewed motion in light of his emergency motion, in which he requested that the circuit court consolidate and consider "both parties' respective motions for attorney's fees in a single hearing." After Respondent claimed that a case manager advised him to file the emergency motion, Judge Maloney called the case manager into the courtroom to get clarification on the situation. When

9

questioned, the case manager stated that she did not instruct Respondent to file an emergency motion. Judge Maloney declined to consider Respondent's motions, but allowed him to orally oppose Ms. Miliman's pending motions.

During the January 25, 2019 hearing, Respondent misrepresented the case's history. He asserted that Judge Callahan opined that Ms. Deneroff's diary should be subject to an *in camera* review and that she found Ms. Deneroff had engaged in a "scorched earth approach" during discovery. Judge Maloney noted that Respondent's claims were "quite a leap[]" and found his "behavior at the deposition pretty reprehensible" and without "any justification whatsoever[.]" Judge Maloney ordered Mr. Kolat to pay Ms. Miliman $5,000 in attorney's fees and another $5,000 in interim attorney's fees. On February 14, 2019, Spencer M. Hecht, Esq., co-counsel for Mr. Kolat, withdrew Respondent's emergency motion.

Issues of marital property remained outstanding following the custody hearing. On March 4, 2019, Ms. Miliman contacted Mr. Hecht, and they agreed to exchange the documents needed to complete the Joint Statement of Marital and Non-Marital Property under Md. Rule 9-207 ("Joint Statement").[10] However, the document exchange did not occur because Mr. Hecht withdrew as co-counsel on March 22, 2019.

---

[10] Md. Rule 9-207(a) provides: "When a monetary award or other relief pursuant to Code, Family Law Article, § 8-205 is an issue, the parties shall file a joint statement listing all property owned by one or both of them." Md. Rule 9-207(b) provides the form for joint statements, Md. Rule 9-207(c) governs timing and related procedures, and Md. Rule 9-207(d) governs sanctions.

On March 25, 2019, Ms. Miliman emailed Respondent a draft Joint Statement, requesting that Respondent provide his client's information and advising that she would file her own Joint Statement if she did not receive Respondent's input. On March 29, 2019, Respondent emailed Ms. Miliman, requesting an inventory of Ms. Deneroff's credit card points, but he did not address the Joint Statement. Later that day, Ms. Miliman filed Ms. Deneroff's portion of the Joint Statement with a line advising the court that Respondent failed to respond to her request for a draft Joint Statement. Respondent filed his own Joint Statement, and, without Ms. Miliman's consent, altered Ms. Deneroff's information. For example, he listed items as marital property which had been listed as non-marital property. On May 3, 2019, Magistrate Holly A. Whittier held a settlement conference and directed the parties to file a Joint Statement by July 12, 2019.

On May 28, 2019, Respondent filed a Renewed and Amended Motion for Sanctions and Request for Interim Attorney's Fees, which "reiterated the same frivolous arguments and misstatements" made in his withdrawn emergency motion from January 25, 2019. Ms. Miliman opposed the motion and requested attorney's fees.

On June 20 and 27, 2019, Ms. Miliman emailed Respondent concerning the Joint Statement, but received no response. Respondent did not address the Joint Statement until July 7, 2019, when he emailed Ms. Miliman a copy of the Joint Statement that he had filed on March 29, 2019, and listed changes to his client's portion of the Joint Statement. On July 8, 2019, Ms. Miliman incorporated Mr. Kolat's information into the draft and emailed it to Respondent for review and signature. On July 10, 2019, Respondent returned a signed Joint Statement for filing, but he had altered Ms. Deneroff's information by changing

11

property descriptions and removing items. Ms. Miliman responded by sending an unaltered Joint Statement and advised Respondent that it was only appropriate for him to alter Mr. Kolat's information. Respondent did not answer. Thereafter, Ms. Miliman filed a separate Joint Statement on July 15, 2019. Again, Respondent filed a separate Joint Statement altering Ms. Deneroff's portion without Ms. Miliman's consent.

On July 19, 2019, the Honorable Sharon V. Burrell held a hearing regarding Respondent's Renewed and Amended Motion for Sanctions and Interim Attorney's Fees, which he filed on May 28, 2019. Respondent argued that Ms. Deneroff had "ongoing and blatant deficiencies," the circuit court had deemed Ms. Deneroff's prior motions "moot or otherwise improper," the circuit court scheduled Ms. Deneroff's deposition because she refused to cooperate, and Ms. Deneroff had not produced her diary. Judge Burrell determined that Respondent misrepresented "what's happened in this court." Judge Burrell found that Ms. Deneroff had provided all outstanding discovery and that Respondent failed to properly request an *in camera* review of the diary by filing a motion. Judge Burrell denied Respondent's motion and ordered Mr. Kolat to pay Ms. Miliman's attorney's fees in the amount of $5,350. On or about September 12, 2019, the parties settled all outstanding matters.

### B. Procedural History

On November 1, 2021, Petitioner filed a Petition for Disciplinary or Remedial Action with this Court. On November 2, 2021, we referred the matter to the Honorable Bibi M. Berry of the Circuit Court for Montgomery County, Maryland. Respondent was served on January 20, 2022 and filed his Answer to the Petition for Disciplinary or

Remedial Action on February 4, 2022, in which he denied violating the MARPC. The hearing judge held an evidentiary hearing on May 23 and 24, 2022. Petitioner called Ms. Miliman to testify and presented evidence which the court admitted as Petitioner's Exhibits 1 through 70. Respondent testified on his own behalf and called Marc Hershkowitz, John DeLeo, David Schoenholtz, and Towanda Brown as character witnesses. Respondent presented letters from two additional character witnesses, Katina N. Grays, Esq., and Raphael J. Cohen, Esq., which were admitted by stipulation as part of Respondent's Exhibits. Respondent also called Ms. Deneroff. The hearing judge issued her Findings of Fact and Conclusions of Law on August 5, 2022.

Petitioner filed its Recommendation for Sanction on September 22, 2022, urging that Respondent be disbarred. Respondent filed Recommendations and Exceptions to Findings and Conclusions of Law, recommending a six-month suspension. On October 7, 2022, Respondent filed an Opposition to Petitioner's Recommendation, and Petitioner filed a Response to Respondent's Exceptions.

## II.  Hearing Judge's Conclusions of Law

The hearing judge found, by clear and convincing evidence, that Respondent violated the following MARPC: 19-303.1 (Meritorious Claims and Contentions); 19-303.2 (Expediting Litigation); 19-303.3(a)(1) (Candor Toward the Tribunal); 19-303.4(c) and (d) (Fairness to the Opposing Party and Attorney); 19-304.4(a) (Respect for Rights of Third Persons; and 19-308.4(a), (c), and (d) (Misconduct).

13

## III. Standard of Review

"In attorney discipline proceedings, 'this Court has original and complete jurisdiction and conducts an independent review of the record.'" *Att'y Grievance Comm'n v. O'Neill*, 477 Md. 632, 658, 271 A.3d 792, 807 (2022) (citation omitted). Respondent filed exceptions, which requires this Court to "determine whether the findings of fact have been proved by" clear and convincing evidence. *Id.*, 271 A.3d at 807 (citing Md. Rule 19-740(b)(2)(B) and Md. Rule 19-727(c)). This Court "shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses." Md. Rule 19-740(b)(2)(B). Additionally, we review factual findings for clear error and will not disturb them where they are supported by "any competent evidence[.]" *O'Neill*, 477 Md. at 658, 271 A.3d at 808 (citation omitted). We review *de novo* the hearing judge's legal conclusions. *Id.* at 658–59, 271 A.3d at 808 (citing Md. Rule 19-740(b)(1)).

## IV. Discussion

Respondent filed numerous exceptions under Md. Rule 19-728(b)[11] to the hearing judge's findings of fact and conclusions of law. Petitioner filed none. We address Respondent's exceptions below.

---

[11] Md. Rule 19-728(b) provides:

Within 30 days after service of the notice required by section (a) of this Rule, each party may file (1) exceptions to the findings and conclusions of the hearing judge, (2) recommendations concerning the appropriate disposition under Rule 19-740(c), and (3) a statement of costs to which the party may be entitled under Rule 19-709.

### A. Exceptions to the Hearing Judge's Findings of Fact

#### 1. *Respondent's Requests for an* In Camera *Review*

The hearing judge found that Respondent "intentionally misrepresented the history of the case" by misrepresenting Judge Callahan's statements regarding the *in camera* review. The hearing judge also found that Respondent had not requested an *in camera* review of Ms. Deneroff's diary before he "renew[ed]" his request on January 25, 2019. Respondent asserts that he requested an *in camera* review "at least four times": in open court on November 9, 2018 and July 19, 2019, and in motions filed on January 25, 2019 and May 28, 2019. The question is whether Respondent requested an *in camera* review *before* January 25, 2019. Respondent neither requested an *in camera* review during the November 9, 2018 hearing, nor did he file a motion requesting an *in camera* review thereafter. Respondent's exception to this finding also fails to address the central issue, which is that he falsely asserted that Judge Callahan stated that an *in camera* review was needed. Therefore, we overrule this exception because the hearing judge had an adequate evidentiary basis to conclude that Respondent had not filed a request for an *in camera* review before January 25, 2019.

#### 2. *Respondent's "Speaking Objections"*

The hearing judge found that Respondent made "speaking objections" during Mr. Kolat's deposition on October 4, 2018. Respondent excepts to this finding and argues that he did not make "speaking objections" and, if he did, they were not numerous. During Mr. Kolat's first deposition on July 10, 2018, Respondent made a myriad of speaking objections, which Mr. Kolat assumed substituted for his own answers or he parroted in his

15

responses.  Respondent made similar speaking objections during Mr. Kolat's second deposition on October 4, 2018.  Accordingly, we overrule this exception because the hearing judge had a sufficient evidentiary basis to conclude that Respondent reprised the same obstructive tactics during Mr. Kolat's second deposition.

3.  *Ms. Miliman's August 3, 2018 Motion to Strike Deposition and Related Motions*

In Ms. Miliman's August 3, 2018 motions, she indicated that before additional depositions were scheduled, court intervention was needed because the discovery deadline had passed, Mr. Kolat's discovery responses were deficient, and Respondent had exhibited "hostile" and "aggressive" behavior during Mr. Kolat's first deposition on July 10, 2018. The hearing judge found that Respondent behaved in a "hostile" manner during Mr. Kolat's first deposition.  Respondent takes exception to this finding, arguing that none of the other judges that he appeared before while representing Mr. Kolat had found that he exhibited hostile behavior.  Additionally, the hearing judge found that Ms. Deneroff had agreed to have her deposition taken, but Ms. Miliman wanted to take Mr. Kolat's deposition first. Respondent asserts that Ms. Deneroff did not "agree" to have her deposition taken; rather, Judge Callahan ordered her to do so.

Contrary to Respondent's assertions, there is evidence reflecting that he exhibited hostile behavior.  On May 28, 2018, after learning that Ms. Miliman's grandmother had passed away, Respondent emailed Ms. Miliman: "It's a shame – worse, in fact – that your insatiable greed continues to waste resources that could benefit our clients' children." Additionally, Respondent's obstructive behavior during the *Kolat* depositions and his

16

deflection of responsibility for his actions are evidence of the hostility he demonstrated toward Ms. Miliman. Furthermore, Ms. Miliman never opposed scheduling Ms. Deneroff's deposition. Ms. Miliman wished to take Mr. Kolat's deposition *first* because Respondent's obstructive behavior compelled her to prematurely end Mr. Kolat's first deposition. Judge Callahan scheduled *both* parties' depositions to avoid "any difficulties down the road[,]" which rendered Ms. Miliman's Motion to Strike moot because she received her requested relief. Therefore, the hearing judge had a sufficient evidentiary basis to conclude that Respondent acted in a "hostile" manner, and that Ms. Miliman agreed to schedule Ms. Deneroff's deposition.

### 4. *Respondent's Initial Discovery Production on June 15, 2018*

The hearing judge found that Respondent's document production on June 15, 2018 was in a "state of disorganization" because it was missing documents and labels. Respondent argues that there is insufficient evidence to establish that the production was "missing documents" or disorganized. Respondent further asserts that, even if his initial production was deficient, he had supplemented his responses. Ms. Miliman "credibly" testified during the evidentiary hearing that Mr. Kolat's initial production "was a document dump . . . just completely scrambled[,]" and, as a result, required hours of sorting. The hearing judge was in the best position to assess the credibility of witnesses, and we defer to her findings. *Att'y Grievance Comm'n v. Miller*, 467 Md. 176, 195, 223 A.3d 976, 987 (2020); Md. Rule 19-740(b)(2)(B). It is immaterial whether Respondent "supplemented" his discovery responses because this finding concerns his *initial* production on June 15, 2018. Assuming, *arguendo*, that Respondent's "supplements" are relevant, Judge Callahan

17

stated that Respondent's "supplements" were nonresponsive. Accordingly, we overrule

Respondent's exception because the hearing judge had a sufficient evidentiary basis to find

that Respondent's initial production was deficient and disorganized.

### B.       Conclusions of Law

The hearing judge found that Respondent violated the following MARPC: 19-303.1;

19-303.2; 19-303.3(a)(1); 19-303.4(c) and (d); 19-304.4(a); and 19-308.4(a), (c), and (d).

We agree and, for the most part, overrule Respondent's exceptions.

### 1.       *MARPC 19-303.1 – Meritorious Claims and Contentions*

MARPC 19-303.1 provides:

> An attorney shall not bring or defend a proceeding, or assert or controvert an
> issue therein, unless there is a basis for doing so that is not frivolous,[12] which
> includes, for example, a good faith argument for an extension, modification
> or reversal of existing law. An attorney may nevertheless so defend the
> proceeding as to require that every element of the moving party's case be
> established.

The hearing judge found that Respondent violated MARPC 19-303.1 through his motions

and arguments during hearings. Specifically, the hearing judge found that Respondent's

August 9, 2018 motion was frivolous because he failed to properly serve his discovery

requests, and he inquired about outstanding discovery *before* it was due.[13] The hearing

judge found that Respondent's September 6, 2018 and January 25, 2019 motions were

---

[12] Black's Law Dictionary defines "frivolous" as "[l]acking a legal basis or legal
merit; manifestly insufficient as a matter of law." *Frivolous*, *Black's Law Dictionary* (11th
ed. 2019).

[13] Although there is no evidence that Respondent properly served Ms. Miliman with
his discovery requests, Ms. Miliman did not raise the issue before the circuit court and,
instead, acknowledged that she would respond to discovery.

18

frivolous because he "failed to make any effort to resolve any perceived discovery dispute[,]" and falsely certified that he made "at least five" such efforts. The hearing judge also found that, even after Judge Callahan addressed the issue, Respondent argued that Ms. Deneroff failed to produce a certified copy of her driving record and diary in his January 25, 2019 and May 28, 2019 motions and during the July 19, 2019 hearing. The hearing judge further ruled that Respondent falsely asserted, once more, that he made "at least five" good-faith efforts to obtain outstanding discovery, despite not having communicated with Ms. Miliman or Ms. Laynor. Lastly, the hearing judge found that Respondent asserted in the July 19, 2019 hearing that Ms. Deneroff failed to produce her driving record or diary.

Respondent excepts to this finding. He argues that Ms. Miliman's late discovery responses justified his August 9, 2018 motion. Respondent also contends that Md. Rule 2-431 does not prohibit good-faith efforts to resolve discovery disputes before the thirty-day deadline. Respondent argues that his September 6, 2018 Renewed and Amended Motion to Compel was not frivolous and was granted in part because Ms. Miliman failed to provide timely or complete discovery responses. Respondent maintains that his January 25, 2019 Renewed Motion to Compel, May 28, 2019 Renewed and Amended Motion for Sanctions, and arguments during the July 19, 2019 hearing were appropriate because he sought documents related to the Yeshiva of Greater Washington ("Yeshiva"), Mr. Kolat's employer. Respondent asserted that Ms. Miliman failed to fully produce documents she received from Yeshiva pursuant to a subpoena that she had issued to them. Those missing documents included three paystubs and Mr. Kolat's W-2s from 2016 and 2017.

We agree with the hearing judge. Respondent's conduct is similar in kind, if not in quantity, to the attorney in *Attorney Grievance Commission v. Mixter*, 441 Md. 416, 109 A.3d 1 (2015). In that case, the hearing judge found that the attorney filed sixty-two frivolous motions to compel or hold in contempt against non-party witnesses based on invalid subpoenas. *Id.* at 442, 109 A.3d at 17. The attorney falsely asserted that the subpoenas were served "on or about" the date they were issued, rather than providing an actual date of service. *Id.*, 109 A.3d at 17. Additionally, the hearing judge found that the attorney falsely certified in fifteen cases that he engaged in good-faith efforts to resolve discovery disputes because he failed to make such efforts, the filings were premature, or he otherwise failed to comply with the Maryland Rules. *Id.* at 453, 109 A.3d at 24.

Here, Respondent's efforts to resolve the alleged discovery dispute in his August 9, 2018 and September 6, 2018 motions occurred while Ms. Miliman still had time to respond. Therefore, similar to the certifications in *Mixter*, there was no discovery dispute to resolve and any "efforts" to do so during that time were premature. Respondent did not communicate with Ms. Miliman concerning any deficiency raised in his September 6, 2018 motion. He repeated his baseless claims of making "at least" five good-faith efforts in his subsequent motions. Thus, like the attorney in *Mixter*, Respondent made frivolous certifications under Md. Rule 2-431. Respondent's focus on documents related to Yeshiva is unavailing because Judge Callahan and Judge Burrell stated that Mr. Kolat had access to those records. There was no legal basis for Respondent to raise the issue of Ms. Deneroff's driving record and diary after Judge Callahan ruled on the matter. He also attempted to "renew[]" a request for an *in camera* review in his January 25, 2019 motion, despite never

20

previously filing any such request.  Therefore, we overrule this exception and hold that Respondent violated MARPC 19-303.1.

2. *MARPC 19-303.2 – Expediting Litigation*

MARPC 19-303.2 provides: "An attorney shall make reasonable efforts to expedite litigation consistent with the interests of the client."  Comment 1 provides, in relevant part: "Dilatory practices bring the administration of justice into disrepute."  Comment 1 further provides that "[t]he question is whether a competent attorney acting in good faith would regard the course of action as having some substantial purpose other than delay."  We have found MARPC 19-303.2 violations where an attorney delayed a case, "did very little to advance his own client's claim[,]" "totally failed to participate in discovery[,]" and filed "meritless motions." *Mixter*, 441 Md. at 512–13, 109 A.3d at 59.  The hearing judge found that Respondent violated MARPC 19-303.2 when he filed frivolous motions, obstructed Mr. Kolat's depositions, and failed to cooperate during discovery.  Respondent did not except to this finding.

We concur with the hearing judge.  In *Mixter*, we held that an attorney violated MARPC 19-303.2 when he filed over 120 frivolous motions, generally acted in an obstructive manner, failed to cooperate with opposing counsel during discovery, and created protracted fee disputes. *See id.* at 512–14, 109 A.3d at 59–60.  Here, Respondent's misconduct parallels several of the facts in *Mixter*, again in kind, if not in quantity.  Ms. Miliman propounded discovery requests upon Mr. Kolat on February 9, 2018.  Months later, on June 15, 2018, Respondent provided his "completely scrambled" and deficient discovery responses only after being ordered to do so by the circuit court.  Respondent also

obstructed Mr. Kolat's depositions by making speaking objections and refusing to cooperate with Ms. Miliman, which forced Ms. Miliman to cancel the first deposition and required Judge Callahan's intervention in the second. Then, Respondent did not cooperate with Ms. Miliman to complete the Joint Statement, which required Magistrate Whittier to extend the filing time. We hold that Respondent violated MARPC 19-303.2 because his conduct hindered and delayed the litigation of the *Kolat* matter without any substantive purpose.

### 3. *MARPC 19-303.3 – Candor Toward the Tribunal*

MARPC 19-303.3(a)(1) provides:

(a) An attorney shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the attorney[.]

MARPC 19-301.0(g) defines "[k]nowingly" as "denot[ing] actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances." "[A]n attorney violates [MARPC 19-30]3.3(a)(1) 'when he or she knowingly provides a court with false information.'" *Att'y Grievance Comm'n v. White*, 480 Md. 319, 378, 280 A.3d 722, 756 (2022) (citations omitted).

The hearing judge found that Respondent violated MARPC 19-303.3(a)(1) "by repeatedly making false statements of material fact and routinely omitting material information from his motions and arguments." Specifically, the hearing judge ruled that Respondent knowingly misrepresented making good-faith efforts to obtain discovery responses in his motions filed on August 9, 2018, September 6, 2018, and January 25, 2019.

22

The hearing judge also found that Respondent misrepresented his interaction with the case manager concerning his emergency motion filed on January 25, 2019. The hearing judge further determined that Respondent repeatedly mischaracterized Judge Callahan's statements from the September 21, 2018 and November 9, 2018 hearings regarding an *in camera* review of the diary, as well as the reasons the court partially granted Respondent's September 6, 2018 motion. The hearing judge found that Respondent falsely stated "[Judge Callahan] concluded that [Ms. Deneroff's] motions were a colossal waste of time[.]"

Respondent asserts that his misstatements were unintentional, which fall below the scienter or actual knowledge required under MARPC 19-303.3. Respondent also asserts that "[a]ny discovery disputes . . . did not materially impact any result or outcome in the case." Respondent excepts to the hearing judge's finding that he falsely asserted a physician-patient privilege because it does not account for the patient-psychiatrist privilege under Md. Code Ann., Courts & Judicial Proceedings ("Cts. & Jud. Proc.") § 9-109. We disagree and overrule this exception.

During the January 25, 2019 hearing, the case manager herself confirmed Respondent's statements lacked veracity. Respondent also misrepresented that Judge Callahan required the production of Ms. Deneroff's diary and an *in camera* review thereof, despite her express statement otherwise. In his January 25, 2019 and May 28, 2019 motions, Respondent claimed that "[Judge Callahan] concluded that [Ms. Deneroff's] motions were a colossal waste of time[,]" even when she never expressed such a sentiment. Respondent falsely stated that he made good-faith efforts to resolve discovery disputes in violation of Md. Rule 2-431. Additionally, Respondent conflated a nonexistent physician-

23

patient privilege with the psychiatrist-patient privilege under Maryland law or asserted both doctrines as separate privileges. *See Butler-Tulio v. Scroggins*, 139 Md. App. 122, 135, 774 A.2d 1209, 1216 (2001) ("[T]here is no physician-patient privilege in Maryland."); *see also* Cts. & Jud. Proc. § 9-109(b)(1). After being admonished by several judges, Respondent was well aware of his misrepresentations. Lastly, we reject Respondent's argument that any misstatements were immaterial. Respondent's misrepresentations were made in discovery motions and during hearings, where an adverse ruling against Ms. Deneroff could have affected her ability to present evidence during the merits hearing. We overrule Respondent's exception and hold that he violated MARPC 19-303.3(a)(1).

4.  *MARPC 19-303.4 – Fairness to Opposing Party and Attorney*

MARPC 19-303.4(c) and (d) provide:

An attorney shall not:

*    *    *

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists; [or]

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party[.]

The hearing judge found that Respondent violated MARPC 19-303.4(c) and (d) based on Respondent's frivolous discovery responses, "frivolous, obstructionist speaking objections" during Mr. Kolat's depositions, and arguments regarding Ms. Deneroff's driving record and diary.

24

Respondent argues that he did not violate MARPC 19-303.4(c) by making speaking objections. Judge Callahan described Respondent's behavior during Mr. Kolat's first deposition as "a complete and total disregard for what the laws say" and further described Respondent's objections as "not legitimate." During Mr. Kolat's second deposition, Respondent objected approximately 277 times largely without a "discernable basis," despite Judge Callahan's intervention.

Regarding MARPC 19-303.4(d), Respondent's initial discovery responses and his "supplements" thereto included frivolous objections of "unduly burdensome" and "overly broad" standard form interrogatories and assertions of a nonexistent physician-patient privilege. Additionally, Respondent's initial production was in a "state of disorganization" in violation of Md. Rule 2-422(d). Lastly, Respondent belabored his frivolous arguments regarding Ms. Deneroff's driving record and diary, despite Judge Callahan addressing those issues in the November 9, 2018 hearing. We overrule Respondent's exceptions and hold that he violated MARPC 19-303.4(c) and (d).

5. *MARPC 19-304.4 – Respect for Rights of Third Persons*

MARPC 19-304.4(a) provides, in relevant part: "In representing a client, an attorney shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person[.]" The hearing judge found that Respondent violated MARPC 19-304.4(a) through his obstructive behavior during discovery and frivolous filings concerning Ms. Deneroff's driving record and diary. Respondent did not except to this finding. We agree with the hearing judge. Respondent's initial discovery response was deficient and contained frivolous objections. Respondent's conduct during both of Mr.

25

Kolat's depositions was obstructive. During the January 25, 2018 hearing, Respondent frivolously "renew[ed]" his request for an *in camera* review, despite never filing such a request. He continuously asserted that Ms. Deneroff and her attorneys engaged in a "pattern and practice" of misconduct, because he wanted the circuit court to apply his "[t]wo-way street" approach. Accordingly, we hold that Respondent violated MARPC 19-304.4(a).

6.       *MARPC 19-308.4 – Misconduct*

MARPC 19-308.4(a), (c), and (d) provide:

It is professional misconduct for an attorney to:

(a) violate or attempt to violate the [MARPC], knowingly assist or induce another to do so, or do so through the acts of another;

*       *       *

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or]

(d) engage in conduct that is prejudicial to the administration of justice[.]

The hearing judge found that Respondent violated MARPC 19-308.4(a) by violating other MARPC provisions. The hearing judge also found that Respondent violated MARPC 19-308.4(c) and (d) through his "pattern and practice" of "dishonesty, deceit, and consistent misrepresentations to the court[.]" Respondent excepts, arguing that there is insufficient evidence to establish that he violated MARPC 19-308.4 by intentionally misleading Ms. Miliman and Ms. Laynor regarding the emergency hearing.

Respondent's violations of other MARPC provisions constitute a violation of MARPC 19-308.4(a). *Mixter*, 441 at 527, 109 A.3d at 68 ("[An MARPC] violation is itself

26

sufficient to support a violation of [MARPC 19-30]8.4(a).") (citation omitted). Similarly, Respondent's "pattern and practice" of deceit and misrepresentation constituted violations of MARPC 19-308.4(c) because he misrepresented material facts, such as the case's procedural history, in an effort to secure fees from Ms. Deneroff. Contrary to Respondent's contentions, the record reflects that he emailed Ms. Miliman and Ms. Laynor regarding their availability for a continuance hearing. Both of them asked Respondent whether this request came from the circuit court. He responded "[y]es[,]" which was a lie. Lastly, Respondent's obstructive behavior and frivolous motions needlessly delayed the *Kolat* matter in violation of MARPC 19-308.4(d). Thus, we overrule Respondent's exceptions and hold that he violated MARPC 19-308.4(a), (c), and (d).

## C. Aggravating and Mitigating Factors

We consider aggravating and mitigating factors in every attorney disciplinary proceeding. *White*, 480 Md. at 385, 280 A.3d at 761. The aggravating factors this Court recognizes when considering the imposition of sanctions are:

> (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the [MARPC]; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

*Att'y Grievance Comm'n v. Slate*, 457 Md. 610, 646–47, 180 A.3d 134, 156 (2018) (citation omitted). Petitioner has the burden of establishing aggravating factors by clear and

convincing evidence. Md. Rule 19-727(c). The hearing judge found that Petitioner established the following aggravating factors: (1) dishonest or selfish motive; (2) a pattern of misconduct; (3) multiple offenses; (4) refusal to acknowledge the wrongful nature of the conduct; (5) substantial experience in the practice of law; and (6) indifference to making restitution. Respondent excepted to each finding, excluding "substantial experience in the practice of law."

> We recognize the following mitigating factors:
>
> (1) the absence of prior attorney discipline; (2) the absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith efforts to make restitution or to rectify the misconduct's consequences; (5) full and free disclosure to Bar Counsel or a cooperative attitude toward the attorney discipline proceeding; (6) inexperience in the practice of law; (7) character or reputation; (8) a physical disability; (9) a mental disability or chemical dependency, including alcoholism or drug abuse, where: (a) there is medical evidence that the lawyer is affected by a chemical dependency or mental disability; (b) the chemical dependency or mental disability caused the misconduct; (c) the lawyer's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (d) the recovery arrested the misconduct, and the misconduct's recurrence is unlikely; (10) delay in the attorney discipline proceeding; (11) the imposition of other penalties or sanctions; (12) remorse; (13) remoteness of prior violations of the [MARPC]; and (14) unlikelihood of repetition of the misconduct.

*Slate*, 457 Md. at 647, 180 A.3d at 156 (citation omitted). Respondent must establish mitigating factors by a preponderance of evidence. Md. Rule 19-727(c). The hearing judge found that Respondent established the following mitigating factors: absence of a prior disciplinary history and character or reputation. Respondent filed exceptions to the hearing judge's failure to find the presence of additional mitigating factors. We address Respondent's exceptions below.

28

### 1. *Aggravating Factors*

Respondent contends that he lacked any dishonest or selfish motive because he neither benefited from misconduct nor "knowingly" engaged in misconduct. The hearing judge found that Respondent acted with a dishonest or selfish motive to frame Ms. Deneroff and her attorneys in the worst possible light and to acquire attorney's fees. In each hearing, Respondent argued that Ms. Deneroff and her attorneys engaged in a "pattern and practice" of misconduct. Respondent adopted the same "scorched earth" tactics of which he accused Ms. Miliman, because he believed that the circuit court unevenly enforced the discovery rules. Respondent falsely informed Ms. Deneroff's attorneys that the court had requested their availability for a continuance hearing. Respondent misled Judge Maloney when he claimed the case manager advised him to file an emergency motion. Respondent failed to cooperate with Ms. Miliman in completing the Joint Statement and twice submitted his own version that altered Ms. Deneroff's information. We overrule Respondent's exception because his misrepresentations furthered his "selfish or dishonest" motive.

Respondent argues that he has no "pattern of misconduct[,]" because no judge determined that he acted in bad faith under Md. Rule 1-341 or failed to comply with Md. Rule 9-207. Respondent's focus on the circuit court's express findings (or lack thereof) is misplaced. There is a "pattern of misconduct" "when an attorney's behavior shows a pattern of inappropriate conduct, as evinced by multiple violations over time, or a series of acts with one goal." *Att'y Grievance Comm'n v. Sperling*, 459 Md. 194, 276, 185 A.3d 76, 123 (2018). Here, Respondent engaged in a "series of acts" during the two years of litigation in the *Kolat* case with the goal of extracting fees or delaying proceedings.

29

Respondent was obstructive during both of Mr. Kolat's depositions. He made false certifications under Md. Rule 2-431 that he had made "at least" five good-faith efforts to resolve discovery disputes when he made no such efforts. He frivolously objected to discovery, asserting an unrecognized physician-patient privilege and refusing to answer standard form interrogatories because they were "overly broad" and "unduly burdensome." Respondent's toxic behavior towards Ms. Miliman eventually forced her to restrict their communications to writing.[14] Respondent also failed to respond to Ms. Miliman's emails regarding the Joint Statement, and he altered Ms. Deneroff's information in his Joint Statement. Although Respondent asserts that none of the judges that he previously appeared before in Mr. Kolat's case found that he violated the MARPC, it is the hearing judge and, ultimately, this Court that must determine whether there are MARPC violations. *See* Md. Rule 19-727 (providing for, among other things, the burdens of proof and requirements regarding findings of fact and legal conclusions); Md. Rule 19-740(b) (providing that this Court reviews a hearing judge's legal conclusions *de novo* and, if exceptions are filed, determines whether the hearing judge's factual findings were supported by clear and convincing evidence). We overrule Respondent's exception regarding his "pattern of misconduct."

Respondent's "pattern of misconduct" resulted in "multiple offenses," namely violations of the following MARPC: 19-303.1; 19-303.2; 19-303.3(a)(1); 19-303.4(c) and

---

[14] On July 12, 2018, Ms. Miliman advised Respondent that she "[thought it was] best to communicate with [him] in writing only."

30

(d); 19-304.4(a); and 19-308.4(a), (c), and (d). Therefore, we overrule Respondent's exception regarding the "multiple offenses" factor.

Significantly, Respondent's unwillingness or inability to appreciate his wrongful conduct is critical. There is not a single instance in the record where Respondent acknowledges his improper behavior. His primary tactic involved deflecting all responsibility to Ms. Miliman or demanding that Ms. Deneroff and her attorneys be punished alongside him. In the September 21, 2018 hearing, Respondent asserted that "today's hearing boils down to [] the pot calling the kettle black[,]" and that Ms. Miliman attempted to "paint [Ms. Deneroff] as a saint and [Mr. Kolat] as the devil." During the November 9, 2018 hearing, Respondent requested that the circuit court "apply the same standards" to both parties because ongoing difficulties between counsel were "part of a pattern and practice on the part of [Ms. Deneroff] and [her] counsel to cause unnecessary delay and expense." During the January 25, 2019 hearing, Respondent claimed, "in the interest of justice, if Your Honor wants to find that attorney's fees are appropriate one way? It's a two-way street[,] Your Honor." During the July 19, 2019 hearing, Respondent asserted that Ms. Deneroff and her attorneys "operat[ed] as if a completely separate set of rules . . . apply to them[.]" Respondent testified that his "genuine remorse" is limited to "the $20,350 that Mr. Kolat was ordered to pay Ms. Miliman." Respondent's behavior exacerbated the discovery dispute in the *Kolat* matter, yet he played the victim. We overrule Respondent's exception and uphold the hearing judge's finding regarding Respondent's refusal to acknowledge his wrongful conduct.

31

We sustain Respondent's exception to the hearing judge's finding regarding the factor of indifference to making restitution. Mr. Kolat neither filed a complaint with Petitioner against Respondent nor testified at the evidentiary hearing. There is no evidence in the record that Mr. Kolat sought restitution, objected to the fees, or objected to the conduct that resulted in the fee award. Additionally, Mr. Kolat's behavior contributed to the fee award because he refused to answer Ms. Miliman's questions and abided by Respondent's obstructive behavior during the first deposition. Indeed, the hearing judge found that Respondent *and Mr. Kolat* "march[ed] along [] in lockstep[]" during some of their misconduct. Therefore, we sustain Respondent's exception to the hearing judge's finding regarding his alleged indifference to making restitution.

We agree with the hearing judge's finding that Respondent has "substantial experience in the practice of law[,]" given that he has been doing so since his admission to the Maryland Bar in 2003. *Sperling*, 459 Md. at 276, 185 A.3d at 123–24 (holding that an attorney who had "approximately 16 to 17 years' experience" had substantial experience in the practice of law). Respondent did not except to this finding, and it is therefore established.

2. *Mitigating Factors*

The hearing judge found two mitigating factors, which include the absence of prior disciplinary history and character or reputation. We agree that Respondent has no prior disciplinary record. The case at bar derives from Respondent's conduct during the *Kolat* litigation alone, and there is no evidence in the record of prior infractions. Thus, we uphold the hearing judge's findings regarding the mitigating factor of "no prior infractions."

Respondent excepts to the hearing judge's findings regarding his character or reputation because it "lacks detail." While the hearing judge's finding does not carry less weight simply because she did not elaborate upon Respondent's character witnesses' testimony, we observe that, during the evidentiary hearing, Respondent called four character witnesses and submitted two letters from character witnesses, which were admitted as exhibits. We overrule Respondent's exception and uphold the hearing judge's finding concerning "character or reputation."

Respondent argues that the record supports a finding for the following additional mitigating factors: absence of a dishonest or selfish motive; timely good-faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; delay in disciplinary proceedings; imposition of other penalties or sanctions; remorse; and remoteness of prior offenses.[15] We disagree.

Respondent failed to establish additional mitigating factors. Respondent mischaracterized the *Kolat* matter's history in his various motions and in hearings, which undermines his claims of honesty. Respondent conflated the leniency of various judges in the circuit court with the absence of bad faith or misconduct. He deflected responsibility for his actions, framing Ms. Miliman as the cause for the ongoing discovery disputes, which undermines any claim of remorse. Despite Respondent's assertions, there is nothing

---

[15] Respondent did not address the factors of "imposition of other penalties or sanctions" or "remoteness of prior offenses" in his exceptions, despite noting them in his exceptions. Therefore, we will not consider them.

extraordinary about Respondent replying "timely and fully" to Bar Counsel. There was no delay in this matter because this case commenced on November 1, 2021, within a few years of the misconduct, and the evidentiary hearing took place just seven months later. We overrule Respondent's exceptions and uphold the hearing judge's findings regarding mitigating factors.

## V.    Sanction

We now consider the appropriate sanction to impose on Respondent for his violations of the following MARPC: 19-303.1; 19-303.2; 19-303.3(a)(1); 19-303.4(c) and (d); 19-304.4(a); and 19-308.4(a), (c), and (d). The purpose of sanctions is "not to punish the lawyer, but instead to protect the public and the public's confidence in the legal profession." *Slate*, 457 Md. at 646, 108 A.3d at 155 (citation omitted). We accomplish "these goals by: (1) deterring other lawyers from engaging in similar misconduct; and (2) suspending or disbarring a lawyer who is unfit to continue to practice law." *Id.*, 108 A.3d at 155. "The appropriate sanction for violations of the MARPC depends on the facts and circumstances of each case[.]" *Att'y Grievance Comm'n v. Wemple*, 479 Md. 167, 201, 277 A.3d 427, 447 (2022) (cleaned up). "[W]e impose a sanction that is commensurate with the nature and gravity of the violations and the intent with which they were committed." *Id.*, 277 A.3d at 447 (citation omitted). In the case at bar, Petitioner recommends that we disbar Respondent, whereas Respondent recommends a six-month suspension or "a sanction less severe than disbarment or indefinite suspension." We impose a sanction of indefinite suspension with the right to apply for reinstatement after six months.

34

In *Attorney Grievance Commission v. Vanderlinde*, we held that intentional dishonesty, misappropriation, fraud, stealing, serious criminal conduct, and similar misconduct automatically warrants disbarment, absent "the most serious and utterly debilitating mental or physical health conditions[.]" 364 Md. 376, 413–14, 773 A.2d 463, 485 (2001). We have since held that "*Vanderlinde* no longer exclusively sets the standard for imposition of the sanction in cases involving intentional dishonesty." *Att'y Grievance Comm'n v. Malone*, 482 Md. 82, 127, 285 A.3d 546, 572 (2022) (citation omitted). We observed that, in our recent cases, "we have not imposed the sanction of disbarment where the dishonest conduct at issue does not involve theft, fraud, harm to a client or third party, or the intentional misappropriation of funds." *Id.*, 285 A.3d at 572 (citation omitted). Although this case involves intentional dishonesty, it does not involve theft, fraud, misappropriation of funds, serious criminal conduct, or harm to a client.

In determining our sanction, we find our prior holdings in *Wemple* and *Mixter* instructive. In *Wemple*, we disbarred an attorney who, in relevant part, violated the following MARPC: 19-303.1, 19-303.3, 19-304.4, and 19-308.4. 479 Md. at 193, 277 A.3d at 443. In one matter, the attorney served an invalid subpoena and frivolously deposed an individual, while falsely advising her that she was under a court order and could be held in contempt of court. *Id.* at 186, 277 A.3d at 438–39. In a separate matter, the attorney intentionally misrepresented his colleague's status as a suspended attorney by seeking her admission in the circuit court as an out-of-state attorney. *Id.*, 277 A.3d at 439. Similarly, Respondent in this case abused the legal process by filing frivolous motions, misrepresenting Judge Callahan's rulings, and mischaracterizing the *Kolat* matter's

35

procedural history. Respondent's "[t]wo-way street" mentality led him to file frivolous motions and engage in "abusive tactics" against Ms. Deneroff and her attorneys.

In *Mixter*, this Court disbarred an attorney who, in relevant part, violated the following MARPC: 19-303.1, 19-303.2, 19-303.3, 19-303.4, 19-304.4, and 19-308.4. 441 Md. at 527, 109 A.3d at 68. In twenty-two cases spanning over seven years, the attorney engaged in a pattern of misconduct by: filing frivolous motions; behaving in an obstructive manner; failing to cooperate with opposing counsel during discovery; misrepresenting that he had served subpoenas and that he had made good-faith efforts to resolve disputes; obstructing an expert's access to evidence; and propounding frivolous discovery requests with the intent to delay. *Id.* at 439, 509–27, 109 A.3d at 15, 57–68. In the case at bar, Respondent's obstructive behavior forced Ms. Miliman to end Mr. Kolat's first deposition and seek judicial intervention. Even after being reprimanded by Judge Callahan, Respondent continued his obstructive conduct. Respondent improperly used boilerplate language to falsely assert that he made good-faith efforts under Md. Rule 2-431 to resolve a discovery dispute that was neither ongoing nor relevant to his motions. Furthermore, Respondent misrepresented Judge Callahan's ruling regarding the issue of Ms. Deneroff's driving record and diary.

Respondent refused to accept responsibility for his conduct because he deflected any responsibility for his misconduct, claimed that Ms. Miliman engaged in similar wrongdoing, or asserted that none of the judges he previously appeared before in the *Kolat* matter had ever found that he engaged in misconduct. In his "scorched earth" approach to extract fees from Ms. Deneroff, Respondent's frivolous and obstructive behavior led to

36

higher attorney's fees, which the circuit court repeatedly ordered his client to pay. Despite Respondent's numerous years of experience in the practice of law, he engaged in obstructive tactics and raised frivolous objections to standard discovery requests.

Respondent maintains a good reputation among his clients and friends, as evidenced by the testimony of his character witnesses. Additionally, over the course of Respondent's career, spanning nearly two decades, he has never been the subject of attorney discipline.

Discovery is a taxing experience for attorneys and their clients. At times, personalities clash, which may permeate litigation through frivolous motions and vexatious arguments, as Respondent has participated in here. This behavior is caustic to the legal profession and particularly dangerous to the public when attorneys fail to recognize their misconduct. Therefore, we impose a sanction of indefinite suspension with the right to apply for reinstatement after six months, which comports with similar cases of deceit and frivolous litigation, where an attorney did not steal, misappropriate funds, or harm a client. *See, e.g.*, *Att'y Grievance Comm'n v. Sperling*, 432 Md. 471, 497, 69 A.3d 478, 493 (2013) (noting that disbarment is not always the appropriate sanction where there is misrepresentation involved, absent misappropriation of money or "a pattern of outlandish misrepresentations of the most egregious nature" (cleaned up)); *Att'y Grievance Comm'n v. Collins*, 477 Md. 482, 533–34, 270 A.3d 917, 947–48 (2022) (limiting sanction for dishonest conduct to indefinite suspension because the attorney did not misappropriate funds).

The sanction of disbarment is inappropriate in this case because Respondent's misconduct was limited to the *Kolat* matter, whereas the attorneys in *Wemple* and *Mixter*

engaged in misconduct over multiple matters. *Att'y Grievance Comm'n v. Shapiro*, 441 Md. 367, 403, 408, 108 A.3d 394, 415, 418 (2015) (imposing a sanction of indefinite suspension where an attorney's "misrepresentations were limited to one case and one client"). Additionally, Respondent's lack of prior attorney discipline over his extensive career cautions against the ultimate sanction of disbarment. *Att'y Grievance Comm'n v. Keating*, 471 Md. 614, 656, 243 A.3d 520, 545–46 (2020) (imposing a sanction of indefinite suspension with right to apply for reinstatement after six months in a case involving "the serious violation of dishonesty before a tribunal" and several mitigating factors).

## CONCLUSION

For the foregoing reasons, Respondent's conduct warrants an indefinite suspension with the right to apply for reinstatement after six months.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709(d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST RICHARD LOUIS SLOANE.**

38

Circuit Court for Montgomery County
Case No.: C-15-CV-21-000242
Argued: December 5, 2022

IN THE SUPREME COURT
OF MARYLAND*

---

AG No. 37

September Term, 2021

---

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

RICHARD LOUIS SLOANE

---

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

---

Concurring and Dissenting Opinion by Booth, J.,
which Fader, C.J., and Gould, J., join.

---

Filed: March 2, 2023

* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

I respectfully concur with all aspects of the Majority's opinion in this case, other than the imposition of the sanction.

With attorney grievance matters, this Court always considers the facts and circumstances of each case when considering the appropriate sanction. As reflected in the Majority's opinion, Respondent Richard Sloane's professional misconduct arose from his representation of a client, Daniel Kolat, in a contentious divorce matter in the Circuit Court for Montgomery County, in the case of *Deneroff v. Kolat* (the "Kolat litigation"). Respondent's representation of Mr. Kolat spanned 25 months. Mr. Kolat's wife, Sarah Deneroff, was represented by Mandy L. Miliman, Esquire. The Kolat litigation involved issues regarding custody, alimony, and the division of marital property. One of the most intensely disputed issues in this case involved Mr. Kolat's right to physical custody of his two young children. The litigation included a two-day contested custody trial. Ultimately, the Kolat litigation was settled. Mr. Kolat was awarded shared physical custody of the children. Other aspects of the settlement included Ms. Deneroff abandoning her claim for alimony, and the parties reaching an agreement on a division of marital property.

It is undisputed that the Kolat litigation, like many domestic cases, was very contentious and protracted. Ultimately, Respondent's lack of professionalism and litigation tactics in the Kolat litigation caused his opposing counsel, Ms. Miliman, to file a professional complaint with the Attorney Grievance Commission against him after the case concluded. As discussed in the Majority's opinion, Respondent's misconduct in connection with his representation of Mr. Kolat included: engaging in obstructionist behavior at two depositions; producing discovery responses that were so deficient that they

required a "do over"; filing frivolous objections to standard discovery requests; and making misrepresentations to the various tribunals presiding over the different hearings during the pendency of this protracted litigation.

At the evidentiary hearing in this matter, Bar Counsel called one witness, Ms. Miliman, and introduced 70 exhibits. Respondent testified on his own behalf and called four character witnesses. Respondent also called Ms. Deneroff as a witness. The hearing judge admitted numerous exhibits proffered by Respondent, which included two letters from additional character witnesses. Respondent's client, Mr. Kolat, was not called as a witness by either Bar Counsel or Respondent.

I agree with the aspects of the Majority's opinion that overrule Respondent's exceptions to the hearing judge's findings of fact. I also agree with the Majority that, based upon our independent review of the record in this case, Respondent's professional misconduct in the Kolat litigation violated the Maryland Attorney's Rules of Professional Conduct 3.1 (Meritorious Claims and Contentions); 3.2 (Expediting Litigation); 3.3(a)(1) (Candor Toward the Tribunal); 3.4(c) and (d) (Fairness to the Opposing Party and Attorney); 4.4(a) (Respect for the Rights of Third Persons); and 8.4(a), (c), and (d) (Misconduct).

Finally, I agree with the Majority's opinion that Bar Counsel proved the presence of five aggravating factors: (1) a dishonest or selfish motive; (2) a pattern of misconduct; (3) multiple offenses; (4) refusal to acknowledge the wrongful nature of the conduct; and (5) substantial experience in the practice of law. I also agree with the Majority that

2

Respondent established the presence of two mitigating factors: (1) the absence of prior disciplinary history; and (2) character or reputation.

As we recently discussed in *Attorney Grievance Commission v. Collins*, 477 Md. 482, 529–30 (2022); *Attorney Grievance Commission v. Bonner*, 477 Md. 576, 620–21 (2022); and *Attorney Grievance Commission v. Silbiger*, 478 Md. 607, 638–42 (2022), this Court does not always impose a sanction of disbarment in cases where we have found a violation of the professional rules involving intentional dishonest conduct. As we pointed out in *Collins*, "[w]e have on multiple occasions imposed a sanction less than disbarment in cases involving intentional dishonest conduct where there was no theft or intentional misappropriation of funds by the attorney, the attorney had not benefitted or profited from the misconduct, and no client had been harmed." 477 Md. at 530.

I agree with the Majority's conclusion that Respondent's conduct does not warrant disbarment and falls within the category of cases where the Court has imposed a sanction less than disbarment despite a finding of intentional misconduct. *See, e.g.*, *Attorney Grievance Comm'n v. Keating*, 471 Md. 614, 628, 656 (2020) (imposing a sanction of indefinite suspension, with the right to apply for reinstatement in six months, where the attorney submitted a will to the Register of Wills which she falsely represented that she had witnessed when, in fact, she signed the will after her client's death, in an effort to carry out her client's wishes); *Attorney Grievance Comm'n v. Singh*, 464 Md. 645, 663–64, 682 (2019) (imposing a sanction of sixty days' suspension where the attorney falsely testified at a deposition during Bar Counsel's investigation that his practice was to deposit a client's filing fees into a trust account instead of his operating account, where the fees remained until he paid

3

the filing fee); *Attorney Grievance Comm'n v. Steinhorn*, 462 Md. 184, 196–97, 200 207 (2018) (imposing a sanction of indefinite suspension with the right to apply for reinstatement after six months where the attorney knowingly included false information in complaint forms filed in a trial court by lumping together an amount of an underlying debt and attorney's fees and representing the total as the underlying debt in an effort to conceal that he was collecting attorney's fees); *Attorney Grievance Comm'n v. Sperling*, 459 Md. 194, 214–15, 280–81, 287 (2018) (imposing a sanction of ninety days' suspension where the attorney failed to safeguard funds in an attorney trust account and failed to supervise his brother—a suspended attorney whose sanction of indefinite suspension was continued as a result of the case—who remained a signatory on the attorney trust account and continued to write checks on the account).

Under the facts and circumstances of this case, I would impose a sanction of a definite suspension of six months. Although this case involves a finding of intentional misrepresentations by Respondent in connection with his representation of Mr. Kolat, it does not involve theft or misappropriation of funds. Moreover, Bar Counsel failed to prove that Respondent's client, Mr. Kolat, was harmed by his unprofessional conduct. The misconduct here involved one very contentious domestic case. It goes without saying that an attorney must abide by the rules of professional conduct even in the most contentious and emotional cases. Respondent has no prior disciplinary history in his 19 years as a practicing attorney and proved his good character and reputation through several character witnesses. Given the combination of these factors, in my view, the imposition of a definite suspension of six months would protect the public and deter Respondent, as well as members of the Bar, from engaging in similar litigation tactics such as abusing the

4

discovery process, filing frivolous motions, and demonstrating a lack of candor with tribunals before whom they appear.

Chief Justice Fader and Justice Gould have authorized me to state that they join this opinion.